UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUTIMIO LOPEZ,<br><br>             Plaintiff,<br><br>       v.<br><br>CALIFORNIA HOSPITAL CARE FACILITY,<br><br>             Defendants. | No.  2:17-cv-1533 KJN P<br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

1  the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

2  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

3  In reviewing a complaint under this standard, the court must accept as true the allegations of the

4  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

5  favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

6  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

1  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

2  participation is insufficient).

3  III. Plaintiff's Complaint

4      In his complaint, plaintiff raises three claims:

5      1. Illegal observation, invasion of privacy, cameras in his room;

6      2. When plaintiff is transported to court, his swollen legs and wrists should not be

7  shackled; and

8      3. He is improperly transported because he has seizures and is transported by staff not

9  trained on what to do.

10 IV. Discussion

11   A. Duplicative Claim

12     Plaintiff's complaint was filed with the court on July 24, 2017. The court's own records

13 reveal that on July 20, 2017, plaintiff filed a complaint raising virtually identical allegations as

14 plaintiff raises in his first claim in this action. Lopez v. California Hospital Care Facility, No.

15 2:17-cv-1508 CMK P (E.D. Cal.).[1] Due to the duplicative nature of plaintiff's first claim, the

16 instant complaint must be dismissed, and plaintiff is granted leave to file an amended complaint

17 that does not include the claim previously raised in Case No. 2:17-cv-1508 CMK P.[2] Plaintiff

18 may not pursue the same claim in more than one action.

19   B. Improper Defendant

20     The sole defendant named by plaintiff is the California Hospital Care Facility. However,

21 plaintiff may not bring a section 1983 action against such defendant. See Brown v. California

22 Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the

23 California Department of Corrections and the California Board of Prison Terms were entitled to

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] If plaintiff wishes to expand his allegations underlying his privacy claims in claim one, he must file an amended complaint in Case No. 2:17-cv-1508 CMK P. In addition, it appears that plaintiff failed to sign his complaint in Case No. 2:17-cv-1508 CMK P. Rule 11 of the Federal Rules of Civil Procedure require every litigant to sign all pleadings and filings submitted to the court. Id.

1  Eleventh Amendment immunity."); Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004)
2  ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not
3  amenable to suit under that statute.").
4       As set forth above, plaintiff must name as defendants individuals who allegedly violated
5  plaintiff's constitutional rights. Moreover, if plaintiff alleges a particular defendant used
6  excessive force in applying shackles or restraints, or was deliberately indifferent to his serious
7  medical needs by transporting him without proper medical training, plaintiff must allege facts
8  demonstrating the defendant acted with a culpable state of mind. In order to state a cognizable
9  federal civil rights claim, plaintiff must set allege facts demonstrating he meets all of the elements
10  of each cause of action, set forth below.

11       Excessive Force

12       A convicted inmate's claim of use of excessive physical force is examined in the context
13  of the Eighth Amendment's prohibition against cruel and unusual punishment. See Whitley v.
14  Albers, 475 U.S. 312, 391-21 (1986); see also Wilkins v. Gaddy, 559 U.S. 34 (2010) (per
15  curiam); Hudson v. McMillan, 503 U.S. 1, 7-9 (1992). The use of force by a prison officer
16  violates an inmate's Eighth Amendment rights when such force is "inconsistent with
17  contemporary standards of decency," Estelle v. Gamble, 429 U.S. 97, 103 (1976), or is
18  "'repugnant to the consciousness of mankind.'" Wilkins, 559 U.S. at 38 (citation omitted).
19       The Eighth Amendment inquiry is focused on whether the "force was applied in a good
20  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
21  Hudson, 503 U.S. at 7. Multiple factors are relevant to the inquiry. They include the need for
22  application of force; the relationship between that need and the amount of force applied; the
23  extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as
24  reasonably perceived by prison officials; and any efforts made to temper the severity of the
25  response. See Whitley, 475 U.S. at 321.
26       The Supreme Court has made clear that "not 'every malevolent touch by a prison guard
27  gives rise to a federal cause of action'" under the Eighth Amendment. Wilkins, 559 U.S. at 37
28  (citations omitted). Conversely, the absence of "significant" injury is not dispositive of a claim of

excessive force. See Wilkins, 559 U.S. at 36-37. But, the extent of an inmate's injury is one factor indicative of whether the force used was necessary in a particular situation. Moreover, if force is applied maliciously and sadistically, liability is not avoided "merely because [the plaintiff] had the good fortune to escape without serious injury." Id. at 37. Put another way, there is no "de minimis" level of injury that is an acceptable result of excessive force under the Eighth Amendment. Id. at 38-40.

Medical Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). The analysis of a claim of "deliberate indifference" to serious medical needs involves an examination of two elements: (1) a prisoner's serious medical needs; and (2) a deliberately indifferent response by the defendants to those needs. McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "wanton infliction of unnecessary pain." Id. (citing Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In order to establish deliberate indifference, a plaintiff must show a purposeful act or failure to act on the part of the defendant and a resulting harm. McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Such indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown in the way in which prison

officials provided medical care. See McGuckin, 974 F.2d at 1062.

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

V. Leave to Amend

Because of the deficiencies discussed above, plaintiff's complaint must be dismissed. It is unclear whether plaintiff can allege facts demonstrating his constitutional rights were violated. However, in an abundance of caution, plaintiff is granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

7

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3.  Plaintiff's complaint is dismissed.

      4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a.  The completed Notice of Amendment; and

          b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

      Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  July 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lope1533.14n

1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | EUTIMIO LOPEZ,                              No.  2:17-cv-1533 KJN P
12 |           Plaintiff,
13 |      v.                                     NOTICE OF AMENDMENT
14 | CALIFORNIA HEALTH CARE
   | FACILITY,
15
   |           Defendants.
16

17
        Plaintiff hereby submits the following document in compliance with the court's order
18
   filed_____.
19
           _____          Amended Complaint
20 DATED:

21

22                                        _____
                                          Plaintiff
23
24
25
26
27
28