UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| EUTIMIO LOPEZ, | No. 2:17-cv-1533 KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA HOSPITAL CARE FACILITY, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff identifies his first claim as the violation of his right to reasonable and prompt medical care and attention, but then renews his allegation that he was subjected to illegal observation due to the cameras unlawfully placed in his living quarters without his knowledge. However, as plaintiff was informed in the July 28, 2017 screening order, plaintiff may not pursue the same claim in two different actions. (ECF No. 4 at 4.) Plaintiff's illegal observation claim is proceeding in Lopez v. California Hospital Care Facility, No. 2:17-cv-1508 CMK P (E.D. Cal.),[1] and cannot proceed in this action. Because plaintiff again included this allegation, his amended complaint must be dismissed.

Moreover, plaintiff fails to provide sufficient factual allegations for the court to determine whether a particular individual was deliberately indifferent to plaintiff's serious medical needs. To the extent plaintiff simply alleges that he is not receiving "reasonable and prompt" medical

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

care, such allegation is insufficient to meet the high deliberate indifference standard, which is higher than the standard for negligence or medical malpractice. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Rather, a prison official is deliberately indifferent[2] if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In order to establish deliberate indifference, a plaintiff must show a purposeful act or failure to act on the part of the defendant and a resulting harm. McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Such indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provided medical care. See McGuckin, 974 F.2d at 1062.

Here, the sole factual allegation plaintiff includes is that he is "unable to get the necessary medical care after many repeated requests." (ECF No. 11.) In order to state a cognizable civil rights claim, plaintiff must identify a particular individual who knew plaintiff faced a substantial risk of serious harm and disregarded such risk by failing to take reasonable steps to stop or address the risk. Plaintiff identifies no individual; indeed, he names the same improper defendant he named in his original complaint. (ECF No. 4 at 4-5.)

---

[2] Deliberate indifference to serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). The analysis of a claim of "deliberate indifference" to serious medical needs involves an examination of two elements: (1) a prisoner's serious medical needs; and (2) a deliberately indifferent response by the defendants to those needs. McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "wanton infliction of unnecessary pain." Id. (citing Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

Finally, plaintiff includes a new allegation: "constant ridicule by the nursing staff (female) and their prompting other inmates to call [plaintiff] names, due to [his] elephantism." (ECF No. 11 at 3.) While such actions are unprofessional and hurtful, such allegation fails to rise to the level of a civil rights violation. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Plaintiff should not renew this allegation in any second amended complaint.

Because plaintiff failed to comply with the prior screening order, the amended complaint must be dismissed. However, the court will grant leave to file a second amended complaint.

That said, plaintiff may not include in any second amended complaint any allegation concerning the alleged wrongful observation of his living quarters by camera; plaintiff must pursue such allegations in his earlier-filed action, Lopez v. California Hospital Care Facility, No. 2:17-cv-1508 CMK P (E.D. Cal.). Plaintiff shall not include any allegation concerning the alleged verbal harassment. Rather, plaintiff is granted leave to file a second amended complaint to challenge his medical care, provided he can name appropriate individuals who were deliberately indifferent to his serious medical needs. Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

4

defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 12, 2017

/lope1533.14b

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE